An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

CLAYTON ANDREW TURPIN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JESSIE ELIZABETH WALSH,
DISTRICT JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 66315

**FILED**

SEP 1 8 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER DENYING PETITION*

This original petition for a writ of mandamus challenges an order of the district court denying petitioner's motion to modify bail. Petitioner argues that the district court has violated his constitutional right to reasonable bail by refusing to eliminate house arrest as a condition of bail because he is an active duty Marine and it is impossible for an active duty Marine to meet the house arrest condition.

"A writ of mandamus is an extraordinary remedy, and therefore, the decision to entertain the petition lies within our discretion. Such a writ is available only to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station." *Winkle v. Foster*, 127 Nev. ___, ___, 269 P.3d 898, 899 (2011) (citation and internal quotation marks omitted). "[It] will not lie to control discretionary action, unless discretion is manifestly abused or exercised arbitrarily or capriciously." *Round Hill Gen. Improvement Dist. v.*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31072

*Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (citation omitted); *see also State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (defining manifest abuse and arbitrary or capricious exercise of discretion in context of mandamus). It will not issue if the petitioner has a plain, speedy, and adequate remedy in the ordinary course of the law. NRS 34.170. "Petitioner[ ] carr[ies] the burden of demonstrating that extraordinary relief is warranted." *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the petition and its accompanying documents, we are not satisfied that our intervention by way of extraordinary writ is warranted. The district court's imposition of reasonable conditions on bail is a discretionary act, and petitioner has not demonstrated that the district court manifestly abused its discretion by refusing to modify the condition placed on his bail. *See* NRS 178.484(11) (the court may impose reasonable conditions before releasing a person on bail but must consider the factors listed in NRS 178.4853 when determining whether a condition is reasonable). Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Jessie Elizabeth Walsh, District Judge
Anthony L. Abbatangelo
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk