An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JESSIE ELIZABETH WALSH,
DISTRICT JUDGE,
Respondents,
    and
JOHNNY JONES,
Real Party in Interest.

No. 66150

FILED

NOV 0 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER GRANTING PETITION*

This original petition for a writ of mandamus challenges a district court order granting the real party in interest's motion to sever counts.

*Procedural history*

Petitioner obtained a single indictment charging the real party in interest, Johnny Jones, with 6 counts of burglary, 10 counts of robbery, 1 count of battery with the intent to commit a crime, 6 counts of burglary while in possession of a firearm or other deadly weapon, and 11 counts of robbery with the use of a deadly weapon. These 34 separate felony counts arose from events that took place on 12 different days over a 5-month period and involved 11 different business establishments that are scattered throughout an area covered by 3 zip codes.

Jones moved to sever the counts. Jones argued that petitioner violated NRS 173.115 by charging all 34 counts in a single indictment

 

14-36257

because they were not based on the same act or transaction, they did not constitute parts of a common scheme or plan, and they were not connected together. Jones further argued that, even if the counts were properly joined, they must be severed to prevent the unfair prejudice that would arise if the jury heard evidence that he admitted to committing some of the counts and was prejudiced into assuming that he committed the remaining counts. Jones sought an order severing the counts into 11 trials based on the 11 different crime locations.

Petitioner opposed severance. Petitioner argued that all 34 counts were properly joined because they were either connected together or constituted parts of a common scheme or plan. Petitioner also argued that Jones failed to show that joinder of these counts was so manifestly prejudicial that it outweighed the dominant concern of judicial economy. Petitioner opined that any fear Jones had that the jury would improperly associate evidence from one incident to other incidents could be cured with a limiting instruction.

Jones replied to petitioner's opposition, the district court heard argument on the motion, and the district court made the following ruling:

> I've reviewed the pleadings carefully and I've listened carefully to the argument. And the Court is inclined to grant the defendant's motion pursuant to NRS 174.165, subsection 1, because where the central issue will likely be whether the defendant is a perpetrator in this particular case for the Court to allow these cases to be combined would cause substantial prejudice to the defendant. It does appear to me that there seems to be a common scheme or plan but given the law as I understand it would be it would be extremely prejudicial to the defendant for the Court to

permit this especially in view of the legal analysis in the *Tabish* case.

The district court entered a written order granting Jones' motion to sever in its entirety, and it denied petitioner's subsequent motion to consolidate the counts after hearing argument on that motion. This mandamus petition followed.

Petitioner argues that the district court exercised its discretion in an arbitrary manner when it granted Jones' motion to sever on a specter of prejudice and without consideration of the principles of judicial economy.

*Availability of mandamus relief*

"A writ of mandamus is an extraordinary remedy, and therefore, the decision to entertain the petition lies within our discretion. Such a writ is available only to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station." *Winkle v. Foster*, 127 Nev. ___, ___, 269 P.3d 898, 899 (2011) (citation and internal quotation marks omitted). "[It] will not lie to control discretionary action, unless discretion is manifestly abused or exercised arbitrarily or capriciously." *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (citation omitted). "An arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (citation and internal quotation marks omitted). "Petitioner[ ] carr[ies] the burden of demonstrating that extraordinary relief is warranted." *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

*Unfair joinder*

 

Even when charges are properly joined, some form of relief may be necessary to avert unfair prejudice to the defendant. NRS 174.165(1) provides that "[i]f it appears that a defendant . . . is prejudiced by a joinder of offenses . . . in an indictment . . . , the court may order an election or separate trials of counts, . . . or provide whatever relief justice requires." The defendant has the burden of demonstrating to the district court that the joinder would be unfairly prejudicial; this requires more than a mere showing that severance may improve the defendant's chances for acquittal. *Weber v. State*, 121 Nev. 554, 574-75, 119 P.3d 107, 121 (2005). Courts construing NRS 174.165(1)'s federal cognate

> have identified three related but distinct types of prejudice that can flow from joined counts: (1) the jury may believe that a person charged with a large number of offenses has a criminal disposition, and as a result may cumulate the evidence against him or her or perhaps lessen the presumption of innocence; (2) evidence of guilt on one count may 'spillover' to other counts, and lead to a conviction on those other counts even though the spillover evidence would have been inadmissible at a separate trial; and (3) defendant may wish to testify in his or her own defense on one charge but not on another.

1A Charles Wright, Andrew D. Leipold, Peter J. Jenning, & Sarah N. Welling, *Federal Practice and Procedure Criminal* § 222 (4th ed. 2014). Like the federal rule, NRS 174.165(1) "does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993).

"To *require* severance, the defendant must demonstrate that a joint trial would be 'manifestly prejudicial.' The simultaneous trial of the offenses must render the trial fundamentally unfair, and hence, result in a

SUPREME COURT
OF
NEVADA

(O) 1947A

violation of due process." *Honeycutt v. State*, 118 Nev. 660, 667-68, 56 P.3d 362, 367 (2002) (emphasis added), *overruled on other grounds by Carter v. State*, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005). In evaluating the defendant's motion to sever, the district court must consider "whether [the] joinder is so manifestly prejudicial that it outweighs the dominant concern [of] judicial economy and compels the exercise of the court's discretion to sever." *Tabish v. State*, 119 Nev. 293, 304, 72 P.3d 584, 591 (2003). We think the district court must also carefully consider other, less drastic forms of relief before ordering a severance. *See id.* ("When some potential prejudice is present, it can usually be adequately addressed by a limiting instruction to the jury. The jury is then expected to follow the instruction in limiting its consideration of the evidence.").

*Discussion*

Having considered the petition and the answer, we conclude that relief is warranted. Severance is an extraordinary remedy that must be used with great caution and care. Here, it is not apparent that the district court gave due consideration to the tremendous impact that 11 separate trials would have on judicial resources and public funds. Nor is it apparent that the district court considered forestalling the real-party-in-interest's prejudice through lesser forms of relief—such as providing cautionary instructions on the admissibility of evidence and the need to compartmentalize the evidence or by grouping the counts into fewer trials. Consequently, we conclude that the district court manifestly abused its discretion by severing the 34 counts into 11 trials without due consideration to the issues at hand, *see Patterson v. State*, 129 Nev. ___, ___, 298 P.3d 433, 439 (2013), and we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order granting the real party in interest's motion to sever counts and reconsider the motion to sever counts giving due consideration to the dominant concern of judicial economy, whether joinder is unfairly prejudicial, and the possibility of less drastic forms of relief.[1]

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.          _____Saitta_____, J.
Parraguirre                              Saitta

cc:    Hon. Jessie Elizabeth Walsh, District Judge
       Attorney General/Carson City
       Clark County District Attorney
       Anthony M. Goldstein
       Eighth District Court Clerk

_____

[1]We deny petitioner's motion for stay of the district court proceedings.