**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

### IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CITY OF LAS VEGAS,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT<br>COURT OF THE STATE OF NEVADA,<br>IN AND FOR THE COUNTY OF<br>CLARK; AND THE HONORABLE ROB<br>BARE, DISTRICT JUDGE,<br>Respondents,<br>    and<br>JOSEPH SEATON,<br>Real Party in Interest. | No. 67962<br><br>**FILED**<br><br>JUL 2 2 2015<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY<br>DEPUTY CLERK |

## *ORDER DENYING PETITION*

This is an original petition for a writ of mandamus challenging the district court's decision on appeal from a municipal court conviction. Petitioner claims the district court applied the wrong standard of review, ignored caselaw, and assumed facts not in evidence and asks this court to instruct the district court to vacate its order granting the appeal and remanding the matter for a new trial.

While we may disagree with the district court's application of the law with regard to the granting of a new trial based on newly discovered evidence or on a discovery violation, the district court did not manifestly abuse or arbitrarily or capriciously exercise its discretion. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev., Adv. Op. 84, 267 P.3d 777, 780 (2011) (explaining that "[a]n arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than on reason or contrary to the evidence or established rules of law" and that "[a] manifest abuse of discretion is a clearly erroneous interpretation of

15-22188

the law or a clearly erroneous application of a law or rule" (internal quotations, brackets, and citations omitted)); *State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 233, 112 P.3d 1070, 1075 (2005) (concluding that "extraordinary relief is not warranted for routine correction of errors that a district court may make," and "[t]hat the [prosecution], or even this court, might disagree with the district court's conclusion is not a reason to seek extraordinary relief as long as the district court has made a reasonable effort to follow the applicable law"); *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) ("Mandamus will not lie to control discretionary action unless discretion is manifestly abused or is exercised arbitrarily or capriciously." (internal citation omitted)). We are not convinced that our intervention by way of extraordinary relief is warranted, *see Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (holding that the decision to entertain a writ of mandamus is within this court's sole discretion), particularly where the matter is remanded for a new trial.

Accordingly, we

ORDER the petition DENIED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Rob Bare, District Judge
       Las Vegas City Attorney
       Las Vegas City Attorney/Criminal Division
       Law Offices of John G. Watkins
       Eighth District Court Clerk

