# IN THE SUPREME COURT OF THE STATE OF NEVADA

DENNIS KIRK SUDBERRY,
Petitioner,

vs.

ISIDRO BACA, WARDEN,
Respondent.

No. 70965

**FILED**

SEP 1 6 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This original pro se petition seeks a writ of mandamus directing respondent to not deprive petitioner of his work credits.

Having considered the petition, which was filed without any supporting documents, we are not persuaded that our extraordinary and discretionary intervention is warranted. NRS 34.170; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 228, 88 P.3d 840, 841, 844 (2004) (noting that a writ of mandamus is proper only when there is no plain, speedy, and adequate remedy at law and explaining that petitioner bears the burden of demonstrating that writ relief is warranted); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991).

Here, petitioner has not indicated whether he exhausted his administrative remedies through the prison's grievance process, nor has he provided this court with copies of any denied grievances. *Cf. O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1061-62 (9th Cir. 2007) ("[P]risoners

16-28887

bringing ADA . . . claims [must] exhaust those claims through available administrative remedies before filing suit."); *Berry v. Feil*, 131 Nev., Adv. Op. 37, 357 P.3d 344, 347 (Ct. App. 2015) (observing that the exhaustion requirement also applies to state court actions).[1]

Moreover, even assuming that the relief sought here could be obtained properly through a petition for extraordinary writ relief, any application for such relief should be made to the district court in the first instance so that factual and legal issues are fully developed, giving this court an adequate record to review. *State v. Cty. of Douglas*, 90 Nev. 272, 276-77, 524 P.2d 1271, 1274 (1974) (noting that "this court prefers that such an application [for writ relief] be addressed to the discretion of the appropriate district court" in the first instance), *abrogated on other grounds by Attorney Gen. v. Gypsum Res.*, 129 Nev. 23, 33-34, 294 P.3d 404, 410-11 (2013); *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981) (noting that when factual, rather than legal, issues are presented, this court will not exercise its discretion to consider an original extraordinary writ petition). Accordingly, we

---

[1]Our references to *O'Guinn* and *Berry* are based solely on petitioner's allegation that he is protected under the Americans with Disabilities Act. But because petitioner is also alleging that the deprivation of his work credits is prolonging his release date, we express no opinion on what petitioner's appropriate avenue of relief might be. *Cf. Preiser v. Rodriguez*, 411 U.S. 475, 487-91 (1973) (concluding that a habeas corpus petition is the appropriate means by which to challenge the duration of a prisoner's confinement); NRS 34.724(1) (providing that a person convicted of a crime and under a sentence of imprisonment may file a postconviction petition for a writ of habeas corpus to challenge the computation of time served).

decline to exercise our discretion to consider this petition, *see Smith*, 107 Nev. at 677, 818 P.2d at 851, and we therefore

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc:    Dennis Kirk Sudberry
       Attorney General/Carson City

SUPREME COURT
OF
NEVADA

(O) 1947A