ELLIOTT E. GILL, CITY CLERK, CITY OF RENO, A MUNICIPAL CORPORATION, APPELLANT, *v.* STATE OF NEVADA, ON RELATION OF PAUL E. BOOHER, RESPONDENT.

No. 4207

November 2, 1959      345 P.2d 421

*Roy Lee Torvinen* and *Richard Breitwieser,* of Reno, for Appellant.

*Stanley H. Brown,* of Reno, for Respondent.

## OPINION

By the Court, PIKE, J.:

Paul E. Booher, respondent herein, operated a dog kennel at 3660 Baker Lane, Reno, Nevada, under a city business license for the year commencing July 1, 1957 and ending June 30, 1958.

On June 25, 1958 he applied to Elliott E. Gill, city clerk of the city of Reno, for a renewal of such license for the year commencing July 1, 1958. The city clerk refused to issue such license. Respondent then brought suit and the trial court issued a peremptory writ of mandate commanding the city clerk to issue to respondent a general business license to operate the kennel for the period indicated. The city clerk appeals from the judgment that the peremptory writ of mandate issue.

Upon stipulation of the parties, copies of the minutes of certain meetings of the Reno city council pertaining to the subject matter were made part of the record in this appeal. The minutes of the council meeting held October 28, 1957 reflect council action taken at that time for respondent to be cited to appear before a public meeting to be held November 12, 1957 to show cause why his license should not be revoked.

On November 1, 1957 a written notice, bearing that date, was served upon respondent personally, advising him of the council action, that the formal charge was that his business on Baker Lane was a nuisance and was detrimental to the peace of the city of Reno, and that he should be present at the November 12, 1957 meeting and might then present evidence. The minutes of the November 12, 1957 council meeting and the record disclose that respondent Booher appeared personally and that the notice dated November 1, 1957 was read to him advising him of the formal charges made against him.

Respondent called on several persons to testify concerning the manner in which the kennel was being operated, and other persons present protested the noise caused by the dogs' barking. After all evidence had been submitted by the respective parties, upon motion carried by unanimous vote of the six councilmen then present, Booher was given until July 1, 1958 either to remove his business or to have his license revoked. Booher received notice of the council action and did not move his kennel, but applied to the city clerk for a renewal of his license.

A city of Reno ordinance then in effect made it unlawful for any person to keep a dog which, by loud or frequent or habitual barking or other noise, caused annoyance to the neighborhood or to any person therein.[1] Another ordinance provided that all licenses should be subject to revocation by the city council for the failure of any licensee to comply with the provisions of the city ordinances, and that if any licensee should maintain any business as a nuisance or detrimental to the peace of the city of Reno the city council might, upon complaint or upon its own motion, take action for the revocation of such license. Such ordinance provided that the licensee should be cited to appear before the council to show cause why his license should not be revoked, that at the hearing formal charges should be made against the licensee, the licensee might present witnesses and other evidence considered, and that after such hearing the license could be revoked by action of five-sixths of the members of the city council.[2] We consider that there was substantial compliance by the council with the applicable requirements of the city ordinances relating to revocation of respondent's kennel license. Accordingly we are unable to agree with his contention that the city clerk was required to grant him a renewal of his license.

While, in the absence of the action taken by the city council to revoke respondent's license, the city clerk may

[1]Reno Municipal Code, ch. 12, secs. 12–58.
[2]Reno Municipal Code, ch. 6, secs. 6–27.

have had the ministerial duty to issue a license,[3] after the revocation action taken by the city council on November 12, 1957, such duty no longer existed.

The city council had authority to revoke respondent's license, and its action had the effect of divesting the clerk of power to issue a license to respondent. The record shows that the clerk was present at the meeting of the city council on November 12, 1957 and took the minutes of that meeting.

Mandamus is a remedy which may be invoked to cause an administrative officer to perform a ministerial act when the duty to perform such act is clear. State ex rel. Conklin v. Buckingham, 58 Nev. 450, 83 P.2d 462, and cases there cited. No such situation is present here. On the contrary, it affirmatively appears that the governing authority, namely the city council, had taken action toward the revocation of respondent's license and that such action was inconsistent with the clerk having any ministerial duty to issue a renewal of the license. "Mandamus will not lie to compel an officer to do an act which, without its command, it would not be lawful for him to do." State ex rel. Conklin v. Buckingham, supra.

Although the foregoing is determinative of this appeal, respondent has urged that an adverse vote on a motion to revoke his license at a hearing before the city council had on July 8, 1957 was res adjudicata as to the charge of operation of a nuisance. Whether the doctrine of res adjudicata is applicable to proceedings of a city council need not be determined in this case because the record fails to show an identity of issues.

The prior hearing was initiated upon the complaint of an individual. It appeared that the hearing of November 12, 1957, some four months later, was initiated by the council on its own motion. There was no transcript of testimony made of either hearing. We have no reason to presume that the condition maintaining in November was the same as that shown to exist in the preceding July.

---

[3]Reno Municipal Code, secs. 6–15, 6–16, and 6–18.

Reversed, with costs, and remanded to the trial court with instructions to dismiss the peremptory writ of mandate issued April 24, 1959.

MCNAMEE, C. J., and BADT, J., concur.