ROUND HILL GENERAL IMPROVEMENT DISTRICT, A QUASI-MUNICIPAL CORPORATION, PETITIONER, AND INCLINE VILLAGE GENERAL IMPROVEMENT DISTRICT, INTERVENING PETITIONER, *v.* WILLIAM J. NEWMAN, AS STATE ENGINEER, DIVISION OF WATER RESOURCES, AND ROLAND D. WESTERGARD, DIRECTOR, DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES, STATE OF NEVADA, OR THEIR SUCCESSORS IN INTEREST, RESPONDENTS.

No. 12449

December 18, 1981                    637 P.2d 534

*Rahbeck, McMorris, Susich & Kolvet,* Stateline, for Petitioner Round Hill General Improvement District.

*Lester H. Berkson,* Zephyr Cove, for Intervening Petitioner Incline Village General Improvement District.

*Richard H. Bryan,* Attorney General, and *George Campbell,* Deputy Attorney General, Carson City, for Respondents.

*Woodburn, Wedge, Blakey & Jeppson,* Reno, for Sierra Pacific Power Company, as Amicus Curiae.

*Johnson, Belaustegui & Robison,* Reno; and *Kronick, Moskovitz, Tiedemann & Girard,* Sacramento, California, for Truckee-Carson Irrigation District, as Amicus Curiae.

## OPINION

By the Court, ZENOFF, SR. J.[1]:

Petitioner Round Hill General Improvement District (Round Hill), and intervening petitioner Incline Village General Improvement District (IVGID), seek writs of mandamus to compel the State Engineer to act on their applications for permits to appropriate water from Lake Tahoe. NRS 533.325 *et seq.* The State Engineer has declined to act on the applications on the ground that a pending court action in the area is not final.

NRS 533.370(3) provides:

> The state engineer shall either approve or reject each application within 1 year from the final date for filing protest; but:
>
> . . .
>
> (b) In areas where . . . court actions are pending the state engineer may withhold action until such time as it is determined there is unappropriated water or the court action becomes final.

The court action to which the State Engineer refers is litigation between the United States, the Pyramid Lake Paiute Tribe of Indians, and the Truckee-Carson Irrigation District, over water rights to the Truckee River. It is not subject to dispute that this action is not final within the meaning of the statute, as a result of the decision of the United States Court of Appeals for the Ninth Circuit in United States v. Truckee-Carson, etc., 649 F.2d 1286 (9th Cir. 1981). Nor is it reasonably subject to dispute, *see* NRS 47.130, that the federal litigation in question involves the same area as Lake Tahoe: the Truckee River rises out of Lake Tahoe. *See* United States v. Nevada, 412 U.S. 534 (1973). Petitioners Round Hill and IVGID were both named defendants in the federal action. Under the plain meaning of NRS 533.370(3)(b), the State Engineer therefore has discretion to withhold action on petitioners' applications.

A writ of mandamus will issue when the respondent has a clear, present legal duty to act. NRS 34.160; Gill v. St. ex rel. Booher, 75 Nev. 448, 345 P.2d 421 (1959). Mandamus will not lie to control discretionary action, Gragson v. Toco, 90 Nev.

---

[1]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER, Justice. Nev. Const. art. 6, § 19; SCR 10; 11.

131, 520 P.2d 616 (1974), unless discretion is manifestly abused or is exercised arbitrarily or capriciously. Henderson v. Henderson Auto, 77 Nev. 118, 359 P.2d 743 (1961). Petitioners contend that the State Engineer has manifestly abused the discretion granted by NRS 533.370(3)(b), because he has granted permits for water appropriation from Lake Tahoe pursuant to applications which were filed after petitioners' applications. The State Engineer concedes that some applications junior to petitioners' have been acted upon. There is no similar concession regarding how much water has been appropriated under such subsequent permits, or why the State Engineer has chosen to act upon them.

As we have repeatedly noted, an appellate court is not an appropriate forum in which to resolve disputed questions of fact. *E.g.,* Sheriff v. Provenza, 97 Nev. 346, 630 P.2d 265 (1981); Buchanan v. Buchanan, 90 Nev. 209, 523 P.2d 1 (1974). When disputed factual issues are critical in demonstrating the propriety of a writ of mandamus, the writ should be sought in the district court, with appeal from an adverse judgment to this court. NRS 34.160; 34.220; 34.310. The discretion of this court to entertain a petition for a writ of mandamus when important public interests are involved, State ex rel. List v. County of Douglas, 90 Nev. 272, 524 P.2d 1271 (1974), will not be exercised unless legal, rather than factual, issues are presented.

Accordingly, these petitions for writs of mandamus are denied.

GUNDERSON, C. J., and SPRINGER and MOWBRAY, JJ., and GABRIELLI, D. J.,[2] concur.

---

[2]The Governor commissioned the Honorable John E. Gabrielli, Judge of the Second Judicial District Court, to sit in this case in place of THE HONORABLE NOEL E. MANOUKIAN, Justice, who voluntarily disqualified himself. Nev. Const. art. 6, § 4.