An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER DOUGLAS HEDGER,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
LINDA MARIE BELL, DISTRICT
JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 63054

**FILED**

MAY 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of mandamus or prohibition challenges an order of the district court remanding petitioner to custody so that he can be evaluated at Lake's Crossing Center rather than dismissing the charges against him pursuant to NRS 178.425(5). Petitioner contends that the district court manifestly abused its discretion by failing to find petitioner incompetent with no reasonable likelihood of obtaining competency in the foreseeable future based on an opinion rendered by a clinical neuropsychologist appointed by the court to evaluate the petitioner for competency.

A writ of prohibition is available to halt proceedings occurring in excess of a court's jurisdiction, NRS 34.320, while a writ of mandamus may issue to compel the performance of an act which the law requires "as a duty resulting from an office, trust or station," NRS 34.160, or to control a manifest abuse or arbitrary or capricious exercise of discretion, *see*

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 14671

*Round Hill Gen. Improvement Dist. v. Newman,* 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).

NRS 178.425(5) requires the district court to dismiss the charges against petitioner after he has been found incompetent "with no substantial probability of attaining competency in the foreseeable future." However, this determination is made after a defendant is sent to Lake's Crossing, *see* NRS 178.425(1), or outpatient treatment, *see* NRS 178.425(3), for an evaluation of the defendant's ability to receive treatment to competency and to attain competency. Upon referral to Lake's Crossing or outpatient treatment, NRS 178.450(2)(a) directs the administrator or his or her designee to submit a report to the district court including his or her opinion as to whether "[t]here is a substantial probability that the defendant can receive treatment to competency and will attain competency to stand trial or receive pronouncement of judgment in the foreseeable future." Only after the report is sent to the district court, is the court required to make the findings discussed in NRS 178.425(5). *See* NRS 178.460(3)(a). The clinical neuropsychologist is not the administrator or the administrator's designee and petitioner has not alleged that the administrator has prepared a report. Therefore, the district court did not manifestly abuse its discretion by remanding petitioner to custody and ordering him to be sent to Lake's Crossing for evaluation, and we deny the petition.

Although we conclude that the district court did not abuse its discretion by ordering petitioner to be sent to Lake's Crossing, we note that a written order has not been entered by the district court and petitioner therefore remains confined at the Clark County Detention Center after the district court's oral order. We direct the district court to

issue a written order by the close of business on Wednesday, May 22, 2013.

It is so ORDERED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Linda Marie Bell, District Judge
       Las Vegas Defense Group, LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]The motion for stay and release is denied.