An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER L. HOOKER,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ELIZABETH GOFF GONZALEZ,
DISTRICT JUDGE,
Respondents,
   and
THE STATE OF NEVADA,
Real Party in Interest.

No. 65016

**FILED**

MAY 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER GRANTING PETITION IN PART*

This original petition for a writ of mandamus seeks an order requiring the district court to dismiss a criminal charge due to a discovery violation.

*Procedural history*

Petitioner was initially charged with driving under the influence of intoxicating liquor causing substantial bodily harm (DUI). At the start of petitioner's preliminary hearing, the prosecutor filed an amended criminal complaint that expanded the original charge by adding a theory of criminal liability based on the use of a controlled substance and added a second charge of reckless driving.

The prosecutor assured petitioner that there was no new discovery, and petitioner relied upon this assurance when he informed the justice court that he had no objection to the amended criminal complaint. The prosecutor also assured the justice court that the amended complaint

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15244

was "based on original discovery, and discussions with witnesses in the case." But as the preliminary hearing proceeded, the prosecutor sought to admit a toxicology report that had not been included with the original discovery. The toxicology report provided the only evidence that petitioner had been under the influence of marijuana.

Petitioner objected to the toxicology report. He asserted that the prosecutor was required to provide a copy of the report five days before the preliminary hearing, and he asked that the report not be admitted into evidence. The prosecutor acknowledged that it was probably true that petitioner did not have discovery of the report, but argued that petitioner was aware of the additional report and that the complaint would be amended to reflect the information in the report, and moved to admit the report pursuant to NRS 50.320 (an evidentiary rule). The justice court asked petitioner for the number of the statute that governed the timeliness of discovery for preliminary hearings and provided the remedy for untimely discovery. But petitioner did not know the statute number and ultimately the justice court determined that NRS 50.320 and NRS 50.325 were dispositive of the issue and overruled petitioner's objection.

Petitioner challenged the justice court's ruling in a pretrial petition for a writ of habeas corpus filed in the district court, seeking dismissal of the DUI charge. The district court heard argument, found that petitioner "did not specifically identify the statute NRS 171.1965 for the magistrate so the magistrate could have taken the options that are provided in that statute when there is a late identification of discovery," and denied the habeas petition. This mandamus petition followed.

Petitioner argues that the district court abused its discretion and violated due process guarantees by denying his habeas petition

because the prosecutor lied about having no additional discovery when he filed the amended complaint, the prosecutor violated NRS 171.1965(1) by failing to provide discovery of the toxicology report at least five days prior to the preliminary hearing, and the district court's reason for denying the habeas petition has no basis in law.

*Availability of mandamus relief*

"A writ of mandamus is an extraordinary remedy, and therefore, the decision to entertain the petition lies within our discretion. Such a writ is available only to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station." *Winkle v. Foster*, 127 Nev. ___, ___, 269 P.3d 898, 899 (2011) (internal citation and quotation marks omitted). "[It] will not lie to control discretionary action, unless discretion is manifestly abused or exercised arbitrarily or capriciously." *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (internal citation omitted); *see also State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (defining manifest abuse and arbitrary or capricious exercise of discretion in context of mandamus). And it will not issue if the petitioner has a plain, speedy, and adequate remedy in the ordinary course of the law. NRS 34.170. We have recognized that "[w]hether a future appeal is sufficiently adequate and speedy necessarily turns on the underlying proceedings' status, the types of issues raised in the writ petition, and whether a future appeal will permit this court to meaningfully review the issues presented," *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474-75, 168 P.3d 731, 736 (2007), and "[w]here the circumstances establish urgency or strong necessity, or an important issue of law requires clarification and

public policy is served by this court's exercise of its original jurisdiction, this court may exercise its discretion to consider a petition for extraordinary relief," *Schuster v. Eighth Judicial Dist. Court*, 123 Nev. 187, 190, 160 P.3d 873, 875 (2007). We conclude that a future appeal would not provide a meaningful review of petitioner's issues and a strong necessity exists for our consideration of his petition.

*Discussion*

The preliminary hearing transcript plainly reveals that the prosecutor misrepresented his actions by maintaining that the amended complaint was not based on new discovery. At worst, the prosecutor's behavior was intentional, and, at a minimum, it was reckless. Prosecutors have a duty to conduct themselves with honesty, candor, and fairness. *See* RPC 3.3; RPC 3.4; RPC 3.8. We conclude that the prosecutor's conduct breached that duty and requires remedial action.

The preliminary hearing transcript also plainly reveals that petitioner's contemporaneous objection adequately placed the justice court on notice that the prosecutor may have violated a discovery statute. A justice court should be familiar with the statutes that govern conduct within its jurisdiction. NRS 171.1965 governs discovery prior to a preliminary hearing. It requires the prosecutor to provide discovery "not less than 5 judicial days before a preliminary examination," and it furnishes a limited remedy should the prosecutor fail to provide timely discovery. NRS 171.1965(1), (2). Had the justice court been familiar with the discovery statute, it could have properly exercised its jurisdiction by

making findings as to whether petitioner was prejudiced by the discovery violation and postponement of the preliminary hearing was necessary.[1]

The habeas hearing transcript plainly reveals that the district court erroneously believed that the petitioner's objection was inadequate because it failed to cite the pertinent statute. A party who objects to the admission of evidence must make "a timely objection or motion to strike . . . stating the specific ground of objection." NRS 47.040(1)(a). There is no requirement that the party cite to the statute that supports its objection. As stated above, petitioner's objection adequately placed the justice court on notice that the prosecutor may have violated a discovery statute.

We conclude that petitioner is entitled to extraordinary relief from the prosecutor's misconduct. Accordingly, we

ORDER the petition GRANTED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to dismiss the amendments made to the original charging document; specifically, the "and/or a controlled substance and/or prohibited substance in blood" language that was added to count 1 and all of count 2.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                      Cherry

---

[1]Although the statute contemplates a limited remedy for a discovery violation, we note that a court would be justified in using its inherent authority to sanction counsel or refer him to the State Bar based on the kind of conduct reflected in this case. *See* SCR 39; *Young v. Ninth Judicial Dist. Court*, 107 Nev. 642, 647, 818 P.2d 844, 847 (1991).

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Hon. Joseph Bonaventure, Justice of the Peace
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A