An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MACE YAMPOLSKY; AND MACE
YAMPOLSKY, LTD.,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
RICHARD SCOTTI, DISTRICT JUDGE,
Respondents,
and
JAMES W. VAHEY; 3.78 IRISH ACRES,
LLC; AND OTHER HAND, LLC,
Real Parties in Interest.

No. 67624

FILED

DEC 3 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging a district court order denying summary judgment in a contract and tort action.

We have reviewed the documents submitted in this matter, and without deciding upon the merits of any claims raised therein, we decline to exercise original jurisdiction in this matter. *See* NRS 34.160; NRS 34.170; NRS 34.320; NRS 34.330. Petitioners ask this court to (1) determine whether an order granting summary judgment in a separate case that is not yet appealable is final for the purposes of issue and claim preclusion, and (2) direct the district court to grant their motion to dismiss. However, the district court made no finding as to whether the real-parties-in-interest's 2011 and 2014 complaints contained identical or indivisible causes of action. Therefore, even if the legal question were resolved in petitioners' favor, the district court in this matter did not

15- 40082

address the factual question of whether, and to what extent, the claims in the instant matter relate to the facts and circumstances of the first suit. We decline to make such an inquiry now. *See Liu v. Christopher Homes, LLC*, 130 Nev., Adv. Op. 17, 321 P.3d 875, 881 (2014) (stating that a determination involving factual inquiries should not be resolved by this court if the district court did not reach the issue). "As we have repeatedly noted, an appellate court is not an appropriate forum in which to resolve disputed questions of fact," and the "discretion of this court to entertain a petition for a writ of mandamus . . . will not be exercised unless legal, rather than factual, issues are presented." *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981).

Furthermore, we conclude petitioners have an adequate remedy at law, as they will be able to assert claim preclusion absent this court's intervention. *See Jeep Corp. v. Second Judicial Dist. Court*, 98 Nev. 440, 443, 652 P.2d 1183, 1185 (1982) ("[N]either mandamus or prohibition is appropriate in the face of effective alternative remedies.") Although petitioners must wait until the rights and liabilities of all the parties in the other action are adjudicated before they may assert claim preclusion in this action, this fact does not affect our disposition where petitioners had the opportunity to certify the district court's order in the other action as final under NRCP 54(b) yet declined to do so.

ORDER the petition DENIED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Richard Scotti, District Judge
Thorndal Armstrong Delk Balkenbush & Eisinger/Las Vegas
Black & LoBello
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A