IN THE SUPREME COURT OF THE STATE OF NEVADA

BOBBY RICHARDS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JOSEPH T. BONAVENTURE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 67992

**FILED**

JAN 2 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER GRANTING PETITION

This is an original petition for a writ of mandamus challenging an order of the district court granting a discovery request. Petitioner Bobby Richards contends that the district court manifestly abused its discretion in granting a discovery request for correspondence between defense counsel and an expert witness. *See* NRS 34.160; *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). We elect to exercise our discretion to consider the merits of this petition because Richards does not have an adequate remedy at law to address the district court's action. *See* NRS 34.170 (providing that a "writ shall be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law"). Although he could raise the evidentiary ruling on appeal if he is convicted, forcing Richards to disclose non-discoverable communication between his counsel and expert witness may prejudice his ability to mount a defense. *See Mitchell v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 21, 359 P.3d 1096, 1099 (2015) (noting that this court has granted "extraordinary writ relief from orders allowing pretrial discovery of privileged information, especially when the petition

16-03024

presents an unsettled and important issue of statutory privilege law"); *State v. Eighth Judicial Dist. Court (Romano)*, 120 Nev. 613, 618, 97 P.3d 594, 597 (2004) (noting that this court has entertained extraordinary writs to prevent improper discovery), *overruled on other grounds by Abbott v. State*, 122 Nev. 715, 138 P.3d 462 (2006). Further, judicial economy militates in favor of addressing the order despite the district court's failure to reduce it to writing. *See State v. Babayan*, 106 Nev. 155, 175, 787 P.2d 805, 819 (1990) (providing that this court may entertain petition for extraordinary relief when judicial economy militates in favor of writ review).

We conclude that Richards' petition has demonstrated that our intervention is warranted because the district court manifestly abused its discretion in ordering disclosure of the correspondence. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (providing that a manifest abuse of discretion occurs when a district court clearly misinterprets or misapplies a law or rule). The synopsis that the district court ordered disclosed was contained in correspondence from Richards' counsel to a potential expert witness while investigating possible defense theories. Thus, the correspondence is squarely a "memorandum that [was] prepared by . . . the defendant's attorney in connection with the investigation or defense of the case," NRS 174.245(2)(a), and therefore not subject to discovery or inspection. As counsel did not intend to solicit the expert's opinion regarding the specific facts of Richards' case, the synopsis was not rendered discoverable. *See Lisle v. State*, 113 Nev. 679, 696, 941 P.2d 459, 471 (1997) (noting that a party may waive the protection of NRS 174.245 by making testimonial use of the protected documents), *holding limited on other grounds by*

Supreme Court
OF
Nevada

(O) 1947A

2

*Middleton v. State*, 114 Nev. 1089, 1117 n.9, 968 P.2d 296, 315 n.9 (1998). Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its discovery order.

_____, J.
Hardesty

_____, J.
Saitta

PICKERING, J. dissenting:

As I understand the record, Dr. Roitman is not merely "a potential expert witness" with whom the defense was exploring "possible defense theories" as the majority suggests, but a disclosed, testifying trial expert. Given this fact, and the redacted disclosure ordered, I am not convinced that the petitioner has demonstrated an adequate basis for this court to intervene by extraordinary writ. *See* NRS 50.305 ("The expert may testify in terms of opinion or inference and give his or her reasons therefor without prior disclosure of the underlying facts or data, *unless the judge requires otherwise.*" (emphasis added)). I respectfully dissent.

_____, J.
Pickering

cc:    Chief Judge, The Eighth Judicial District Court
       Hon. Joseph T. Bonaventure, Senior Judge
       Law Office of Patricia M. Erickson
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk