# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEMETRI LAMAR ALEXANDER,
Petitioner,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72002

FILED

JAN 1 2 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus or prohibition challenges a district court order referring petitioner to the Director of the Department of Corrections for a determination as to whether petitioner forfeited statutory credits for filing documents in violation of NRS 209.451(1)(d).[1] The district court had jurisdiction to enter the challenged order, see NRS 209.451(1)(d), so prohibition is not available. See NRS 34.320 (providing that prohibition is available to "arrest[ ] the proceedings of any tribunal . . . exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal"). We also are not convinced that the district court's order reflects an arbitrary or capricious exercise or manifest abuse of the district court's discretion that warrants a writ of mandamus. See NRS 34.160; Round Hill Gen. Improvement Dist. v. Newman, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (explaining when mandamus is available). Even assuming that

---

[1]Contrary to suggestions in the petition, the district court did not enter an order restricting petitioner's access to the courts as a vexatious litigant.

17-01225

petitioner filed only one pleading titled as a postconviction petition for a writ of habeas corpus, *see* NRS 209.451(5) (defining "civil action" to include a petition for a writ of habeas corpus), to the extent that his other creatively titled pleadings and documents challenged the validity of his judgment of conviction or the computation of time served pursuant to that judgment of conviction (as it appears some of them did), they had to be treated as postconviction petitions for writs of habeas corpus, *see* NRS 34.724(2)(b), (c). We therefore cannot say based on the documents provided that the district court's interpretation and application of NRS 209.451 was clearly erroneous or that its decision was "founded on prejudice or preference rather than on reason." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (internal quotation marks omitted) (defining arbitrary and capricious exercise of discretion and manifest abuse of discretion in mandamus context). Accordingly, we

ORDER the petition DENIED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Valerie Adair, District Judge
       Demetri Lamar Alexander
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk