# IN THE SUPREME COURT OF THE STATE OF NEVADA

BREANN CELAYA,
Petitioner,

vs.

DWIGHT NEVEN, WARDEN,
FLORENCE MCCLURE WOMEN'S
CORRECTIONAL CENTER; AND
JAMES DZURENDA, DIRECTOR,
NEVADA DEPARTMENT OF
CORRECTIONS,
Respondents.

No. 74113

FILED

DEC 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This petition for a writ of mandamus seeks an order directing the Nevada Department of Corrections to allow petitioner Breann Celaya to apply for residential confinement pursuant to NRS 209.429 even though she is not eligible for the treatment program pursuant to NRS 209.427. Celaya argues that this court incorrectly decided in *Winkle v. Foster*, 127 Nev. 488, 269 P.3d 898 (2011), that placement in residential confinement could only occur when the offender was eligible for assignment to a treatment

17-43286

program. We decline to revisit our decision in *Winkle* and deny the petition for extraordinary relief.[1] *See* NRS 34.160. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Las Vegas Defense Group
Attorney General/Carson City

_____

[1]Notwithstanding the legal argument, we further note that any issue regarding whether Celaya is actually eligible for assignment to residential confinement involves factual determinations that should be made in the district court in the first instance. *See Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981).