# IN THE SUPREME COURT OF THE STATE OF NEVADA

3300 PARTNERS, LLC, A NEVADA LIMITED LIABILITY COMPANY; RAMSEY REAL ESTATE GROUP, INC., A NEVADA CORPORATION; JEFFERY T. RAMSEY, AN INDIVIDUAL; AND OPORTUN, LLC, A DELAWARE LIMITED LIABILITY COMPANY,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JOSEPH HARDY, JR., DISTRICT JUDGE,
Respondents,
   and
ADVANTAGE 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Real Party in Interest.

No. 74897

FILED

JAN 3 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
   DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This original, emergency petition for a writ of mandamus challenges a January 11, 2018, district court order denying a motion to strike the jury demand. Petitioners assert that extraordinary relief is warranted because there exists no deadline by which a motion to strike the jury demand must be filed and real party in interest would suffer no prejudice if a bench trial were ordered instead. Real party in interest opposes the requested relief.

18-04144

A writ of mandamus is available to compel the performance of a legal duty or to correct a manifest abuse of discretion. NRS 34.160; *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). Here, the district court concluded that the motion to strike was untimely, as by the time it was filed, the case would have already gone to a jury trial but for the court's schedule and the parties had proceeded up until that point with the expectation that the case would be tried by a jury, and that petitioners had shown no good cause for the delay. Whether inexcusable delay occurred and resulted in prejudice is a matter left to the district court's discretion, and given the procedural history of this case and the record before us, we discern no manifest abuse of that discretion. *See Ex parte First Exch. Bank*, 150 So. 3d 1010, 1012 (Ala. 2013) (Moore, C.J., concurring specially) ("Courts have construed an objection to a motion to strike a jury demand based on untimeliness as making an implicit laches argument."); *Miller v. Burk*, 124 Nev. 579, 598, 188 P.3d 1112, 1125 (2008) (explaining that the doctrine of laches will bar a challenge when the party inexcusably delayed bringing the challenge, constituting acquiescence to the condition the party is challenging, and the inexcusable delay results in prejudice to others); *see generally Burton v. Gen. Motors Corp.*, No. 1:95-cv-1054-DFH-TAB, 2008 WL 3853329, at *7-8 (S.D. Ind. Aug. 15, 2008) (denying a new trial based on allegedly improperly submitting the case to a jury when the motion to strike was filed a week after the final pretrial conference and two days before trial, the trial court had already resolved several motions in limine, a jury panel had been called, and "the court and counsel had spent considerable time preparing for a jury trial, including such matters as assembling juror notebooks"); *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367-68 (Tex. 1993) (refusing to grant equitable mandamus

relief where the petitioner had slept on its rights by failing to move to quash the jury demand until four months after the demand was filed). Accordingly, we

ORDER the petition DENIED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Joseph Hardy, Jr., District Judge
      Alverson Taylor Mortensen & Sanders
      Albright Stoddard Warnick & Albright
      Eighth District Court Clerk