# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| EVAN SCOTT GRANT,<br>Petitioner,<br>vs.<br>MARY K. BAKER, COMMISSIONER, NEVADA BOARD OF PAROLE COMMISSIONERS; SUSAN JACKSON, COMMISSIONER, NEVADA BOARD OF PAROLE COMMISSIONERS; TONY CORDA, COMMISSIONER, NEVADA BOARD OF PAROLE COMMISSIONERS; MICHAEL KEELER, COMMISSIONER, NEVADA BOARD OF PAROLE COMMISSIONERS; DARLA FOLEY, COMMISSIONER, NEVADA BOARD OF PAROLE COMMISSIONERS; AND THE STATE OF NEVADA BOARD OF PAROLE COMMISSIONERS,<br>Respondents. | No. 82627<br><br>FILED<br><br>MAY 14 2021<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |
| EVAN SCOTT GRANT,<br>Petitioner,<br>vs.<br>CHARLES DANIELS, DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS; HAROLD WICKHAM, DEPUTY DIRECTOR OF OPERATIONS, NEVADA DEPARTMENT OF CORRECTIONS; PERRY RUSSELL, WARDEN, NORTHERN NEVADA CORRECTIONAL CENTER; LISA WALSH, FORMER ASSOCIATE WARDEN OF PROGRAMS AND GRIEVANCE COORDINATOR, NORTHERN NEVADA CORRECTIONAL CENTER; NATHAN HUGHES, CORRECTIONAL CASEWORKER SPECIALIST III, | No. 82628 |

21-13934

NORTHER NEVADA CORRECTIONAL CENTER; TEJAY HARVEY, CORRECTIONAL CASEWORKER SPECIALIST, NORTHER NEVADA CORRECTIONAL CENTER; RONALD RAY HUDNALL, PSYCHOLOGIST III, WARM SPRINGS CORRECTIONAL CENTER; AND THE STATE OF NEVADA DEPARTMENT OF CORRECTIONS,
Respondents.

*ORDER DENYING PETITIONS*

These original petitions for a writ of a mandamus challenge the denial of parole based on a failure to follow NRS 213.1214 and to consider all of the mitigating circumstances, the risk-level assessment tool used by the Department of Corrections, and the Department's failure to provide procedures to challenge the risk-level assessment and update administrative regulations.[1] We have reviewed the documents submitted in these matters, and without deciding upon the merits of any claims raised therein, we decline to exercise our original jurisdiction. Petitioner should file a petition for a writ of mandamus challenging the actions of the respondents in the district court in the first instance. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779-80 (2011) (recognizing that the decision to entertain an extraordinary writ petition lies within our discretion); *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981) (explaining that an appellate court is not suited to resolve factual disputes and therefore will not exercise its discretion to entertain a mandamus petition when there are

---

[1]We elect to consolidate these petitions for disposition. *See* NRAP 3(b)(2) (permitting court to consolidate matters upon its own motion).

SUPREME COURT
OF
NEVADA

(O) 1947A

factual questions).  He can then appeal from any adverse decision.  *See* NRS 2.090(2) (providing that an order granting or refusing to grant mandamus is appealable).  Accordingly, we

ORDER the petitions DENIED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Evan Scott Grant
       Attorney General/Carson City