# IN THE SUPREME COURT OF THE STATE OF NEVADA

JACK PAUL BANKA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE JASMIN D.
LILLY-SPELLS, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 83381

FILED

JAN 14 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of habeas corpus or, alternatively, a writ of mandamus challenges the district court's decision to grant the State's motion to file a third amended information. We decline to entertain the petition. *See Gathrite v. Eighth Judicial Dist. Court*, 135 Nev. 405, 407, 451 P.3d 891, 893 (2019) ("Issuance of an extraordinary writ is purely discretionary.").

"An application for an original writ of habeas corpus should be made to the appropriate district court." NRAP 22. Petitioner is legally restrained pursuant to an information. *Cf.* NRS 34.360 (recognizing the availability of habeas corpus relief where the petitioner is "unlawfully committed, detained, confined or restrained of his or her liberty"). Contrary to petitioner's argument, the writ of habeas corpus under Nevada Constitution, Article 1, Section 5 is not suspended when this court declines to entertain an original habeas corpus petition challenging the validity of a

22-01503

charging document. To determine otherwise would require this court to involve itself in resolving factual disputes that are best resolved in the district court. *See generally Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981) (recognizing "an appellate court is not an appropriate forum in which to resolve disputed questions of fact" in an original proceeding).

A writ of mandamus is traditionally available to compel the performance of a legal duty or "to control a manifest abuse or arbitrary or capricious exercise of discretion." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779 (2011) (internal citation omitted); *see also* NRS 34.160; *Round Hill*, 97 Nev. at 603-04, 637 P.2d at 536. But a writ of mandamus is an extraordinary remedy, and it is generally not available when the petitioner has "a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170; *see also Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1197 (2020) ("Because mandamus is an extraordinary remedy, this court does not typically employ it where ordinary means, already afforded by law, permit the correction of alleged errors."). This court has previously recognized that an appeal provides an adequate legal remedy. *Walker*, 476 P.3d at 1197. Here, petitioner may challenge the district court's decision to allow the State to file a third amended judgment of conviction on direct appeal if he is convicted. *See* NRS 177.015(3) (providing a defendant may appeal from a final judgment); NRS 177.045 (recognizing that an appeal may include challenges to intermediate decisions of the district court). And this "remedy does not fail to be speedy and adequate, because, by pursuing it through the ordinary course of law, more time probably would be

consumed than in a mandamus proceeding." *Walker*, 476 P.3d at 1198 (internal quotation marks omitted). Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc: Hon. Jasmin D. Lilly-Spells, District Judge
The Pariente Law Firm, P.C.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk