IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY OCEJA; AND LOREANA MARTINEZ,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE TIERRA DANIELLE JONES, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 84310

FILED

NOV 30 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus seeks an order directing the district court to grant a motion to strike animal cruelty charges from the indictment pending against petitioners.

Traditionally, a writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office or to control a manifest abuse or arbitrary or capricious exercise of discretion. NRS 34.160; *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). A manifest abuse of discretion occurs when there is a clearly erroneous interpretation or application of the law, and "[a]n arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than reason, or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (internal quotation marks and citations omitted). It is within this court's discretion whether to entertain a mandamus petition, *Gathrite v. Eighth Judicial Dist. Court*, 135 Nev. 405, 407, 451 P.3d 891, 893 (2019).

22-37639

We are not convinced that our discretionary intervention is warranted because petitioners have not demonstrated that the district court manifestly abused or arbitrarily or capriciously exercised its discretion in denying the motion to strike the animal cruelty counts. The district court correctly determined that the petitioners' arguments amounted to a challenge to the sufficiency of the evidence supporting the indictment and that such a challenge should have been made more than three years earlier in a pretrial petition for a writ of habeas corpus pursuant to NRS 34.700(1). *See also* NRS 174.105(1) (recognizing that challenges to the sufficiency of the evidence to support an indictment are excepted from the claims that can generally be raised in a motion before trial). Petitioners' arguments to the contrary are not persuasive. Finally, petitioners did not provide cogent argument that the State's alleged failure to follow housing and disposal statutes relating to animal cruelty required the district court to strike the animal cruelty charges. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is [petitioners'] responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). Accordingly, we

ORDER the petition DENIED.[1]

_____, J.
Cadish

_____, J.
Pickering

_____, Sr.J.
Gibbons

---

[1]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Tierra Danielle Jones, District Judge
David Schieck Law Office
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk