140 Nev., Advance Opinion 32

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| B.Y. AND A.F.,<br>Petitioners,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT<br>COURT OF THE STATE OF NEVADA,<br>IN AND FOR THE COUNTY OF<br>CLARK; AND THE HONORABLE<br>STACY MICHELLE ROCHELEAU,<br>DISTRICT JUDGE,<br>Respondents,<br>  and<br>ATHENA BURDISS; LATOYA<br>BURDISS; SHERICE INEZ F.; IHAB Y.;<br>AND ALAN-MICHAEL F., SR.,<br>Real Parties in Interest. | No. 88027<br><br>FILED<br><br>APR 25 2024<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Emergency original petition for a writ of mandamus challenging a district court ruling denying a petition for temporary guardianship over minor children.

*Petition granted in part.*

Legal Aid Center of Southern Nevada, Inc., and Marina Dalia-Hunt, Las Vegas,
for Petitioners.

Athena Burdiss, Las Vegas,
Pro Se.

LaToya Burdiss, Las Vegas,
Pro Se.

Sherice Inez F., Las Vegas,
Pro Se.

24-14530

Ihab Y., San Diego, California,
Pro Se.

Alan-Michael F., Sr., Tuscaloosa, Alabama,
Pro Se.

BEFORE THE SUPREME COURT, STIGLICH, PICKERING, and PARRAGUIRRE, JJ.

*OPINION*[1]

PER CURIAM:

NRS 159A.053 allows the district court to appoint temporary guardians over minor children upon a showing of good cause. After a significant delay in hearing a general guardianship petition in this case, two of the proposed protected minors asked the court to impose a temporary guardianship pending a decision on the petition for general guardianship, but the district court denied the request without a hearing. The minors then sought emergency relief from this court. We conclude that the district court manifestly abused its discretion in failing to give the request for temporary guardianship proper consideration under NRS Chapter 159A and grant the petition in part.

---

[1]This matter was resolved on March 8, 2024, by an unpublished Order Granting in Part Petition for Writ of Mandamus. On March 22, petitioners filed a motion to reissue the order as an opinion. We grant the motion and enter this opinion in place of our prior order. NRAP 36(f). As the writ of mandamus issued on March 8 in accordance with the prior order and was returned by the district court on March 18, no new writ need issue with the filing of this opinion.

 

*FACTS AND PROCEDURAL HISTORY*

On October 4, 2023, real parties in interest Athena Burdiss and LaToya Burdiss filed a pro se petition for general guardianship over their four grandchildren, explaining generally that a guardianship was sought because the children had been exposed to unsafe conditions while living with their mother, real party in interest Sherice F. According to the guardianship petition, Sherice was currently living with a new partner with whom the children felt unsafe and had not obtained independent housing or daycare, and Sherice refused to renew voluntary guardianship papers. Attached to the guardianship petition was a June 2023 letter signed by Athena and Sherice stating that Sherice allowed the children to live with Athena from March 2023 until further notice, as well as notarized six-month voluntary guardianship forms for each of the children dated April 19, 2023. The guardianship petition listed the children's parents' addresses as unknown. A citation to appear on January 18, 2024, was entered the same day, but one week before the hearing, the guardianship petition was denied without prejudice for failure to provide proof that the petition and citation were properly served or consents and waivers of service.[2] The court allowed the Burdisses to request that a new citation to appear issue in the same case and to serve it along with the original petition. Five days later,

---

[2]It appears that the district court prematurely denied the petition for failure to timely provide proof of service because NRS 159A.034(6) allows such proof to be filed "[o]n or before the date set for the hearing." While that provision applies to "notices" of hearings, a citation by definition provides notice of a hearing, NRS 159A.0145; NRS 159A.047(1), and a copy of the petition must be served with a citation, NRS 159A.047(2). Although we cannot fault the district court for applying NRCP 5 and employing modes of efficiency in view of the statutes' obliqueness, we think the more specific statute, NRS 159A.034(6), must be read to apply here.

the Burdisses caused to issue a new citation to appear, noticing a hearing for the next available date, April 18, 2024. Sherice filed an objection to the proposed guardianship the next day, disputing some of the allegations therein, including that she did not have a place for the children to reside.

On January 24, the two oldest children, petitioners B.Y. and A.F., acting through appointed counsel, filed an ex parte petition for appointment of the Burdisses as temporary guardians.[3] In the temporary guardianship petition, petitioners explained that they were uncomfortable with their mother's new partner given the domestic violence they had historically witnessed with other partners, also noting the new partner's criminal background; asserted risk of physical and emotional harm should they return to their mother at this time; and pointed out that they had been or were likely to be unenrolled from their school, such that a temporary guardianship with their grandmothers, with whom they had resided since March 2023, was necessary for their well-being. The petition pointed to presumptions under NRS 159A.053(4) and NRS 159A.061(4), which arise when a parent has not had care, custody, and control of their child for the preceding six months. Petitioners indicated that the parents had been notified by phone, and both Sherice and A.F.'s father objected to the proposed temporary guardianship, while B.Y.'s father was in favor of it. The petition was accompanied by a declaration from Athena.

Two days later, on January 26, the district court entered minutes denying the petition for temporary guardianship, recognizing that petitioners had resided with Athena for more than six months but indicating that no emergency was demonstrated as a basis for a temporary

_____

[3]Petitioners also sought appointment of an investigator, which was granted.

guardianship. The court also noted that Athena's declaration was not signed, which apparently resulted from a technical glitch and was corrected on January 26, after the minutes were entered. To date, this court has not been provided with any written order denying the petition for temporary guardianship.

B.Y. and A.F. subsequently filed this emergency petition for a writ of mandamus seeking to compel the district court to grant the Burdisses temporary guardianship. In it, they assert that the district court erred in refusing to grant temporary guardianship, as it is presumptively in their best interests under NRS 159A.053(4), Sherice is presumptively unsuitable under NRS 159A.061(4), and an active emergency exists. Sherice and respondent District Judge Stacy Michelle Rocheleau have timely filed answers, as directed, and petitioners have filed a reply. Because no adequate legal remedy exists to challenge the denial of temporary guardianship, we consider the petition. NRS 34.170.

*DISCUSSION*

As noted, temporary guardianships governed by NRS 159A.053 may issue upon a finding of good cause, so long as the petitioner attempted to provide prefiling notice or was excused from so doing. NRS 159A.053(2). Here, petitioners provided notice in accordance with subsection (2)(a). While the statute does not otherwise define good cause, NRS 159A.053(4) provides that "[i]f no parent of the proposed protected minor has had the care, custody and control of the minor for the 6 months immediately preceding the petition, temporary guardianship of the person of the minor is presumed to be in the best interest of the minor." Similarly, NRS 159A.061(4)(c) presumes a parent is unsuitable to care for their children if the children have been out of the parent's care, custody, and control for the

SUPREME COURT
OF
NEVADA

(O) 1947A

5

six months preceding the filing of a petition for guardianship. Here, petitioners have been out of the care, custody, and control of their parents since March 2023, well over the six-month period after which the presumption applies. Thus, good cause for the temporary guardianship must be presumed.

In her answer, Judge Rocheleau asserts that, since the NRS 159A.053(4) presumption is rebuttable, logic dictates that it cannot apply to a temporary guardianship issued ex parte before a hearing is held because the parents must have a chance to rebut it. While nothing in the statute indicates that the presumption is not rebuttable, *see* NRS 47.240 (noting that conclusive presumptions include only certain enumerated presumptions and a "presumption which, by statute, is expressly made conclusive," and no others); *Presumption, Black's Law Dictionary* (11th ed. 2019) (noting that, generally, "[a] presumption shifts the burden of production or persuasion to the opposing party, who can then attempt to overcome the presumption"), we do not read the statute as limiting the presumption's application to extension decisions after a hearing. Rather, the presumption applies any time temporary guardianship is sought; the fact that it may not be rebutted until a hearing, at most ten days after an ex parte appointment, NRS 159A.053(8), does not render it inapplicable at the ex parte stage. *See generally In re Amberley D.*, 775 A.2d 1158, 1163 (Me. 2001) (concluding that the risk of erroneous deprivation of parental rights due to appointment of an emergency guardian without notice to parents is lessened when the guardianship is limited in duration and the parent can obtain a hearing on the matter thereafter, at which the guardian bears the burden to show continuation of the guardianship is in the child's best interest).

Judge Rocheleau also points to substantial concerns with the ex parte nature of the request itself, ultimately concluding that no emergency necessitating an ex parte temporary guardianship existed. For instance, based on the original general guardianship petition, the answer explains that the judge found Athena's credibility questionable; noted that she had been allowing the children to spend time with their mother, including overnights, despite the allegations; and pointed out that there did not appear to be any current issues with domestic violence or housing. Based on her review of the record, the judge determined that no emergency was shown, especially as Athena had not sought temporary guardianship over the two youngest children.

When temporary guardianship is requested ex parte, an affidavit explaining the emergency requiring appointment before a hearing must be provided. NRS 159A.053(3). While the district court appears to have thoroughly reviewed the record and we generally do not disturb the district court's fact-based and discretionary conclusions, here it appears that, at least in part, the district court's conclusions incorporated a misunderstanding as to who was seeking the temporary guardianship. As it was B.Y. and A.F. who filed the petition, not the Burdisses, the failure to seek temporary guardianship over all four children cannot form a basis for the conclusion that no emergency existed. Moreover, petitioners have been living with the Burdisses for several months with no valid guardianship in place, fear to return to their mother and her new partner (a fear that might not be completely unfounded, given their backgrounds), and allegedly are not enrolled in school, all with the hearing on general guardianship months out at the time the petition was filed. If no emergency warranted an immediate ex parte guardianship, nothing prevented the district court from

requiring petitioners to provide notice and holding an expedited hearing before ruling on the petition for temporary guardianship. An expedited hearing on the petition or, if an ex parte petition is granted without a hearing, a hearing on whether the temporary guardianship should be extended would also afford Sherice (and any other interested party) an opportunity to address the disputed allegations made in the petition for temporary guardianship.

## CONCLUSION

The district court manifestly abused its discretion in failing to give the petition for temporary guardianship proper consideration under NRS Chapter 159A, and we thus conclude that writ relief is warranted in part. *See Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 637 P.2d 534 (1981). Accordingly, we grant the petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to reconsider the petition for temporary guardianship on an expedited basis in accordance with this opinion.

_____, J.
Stiglich

_____, J.
Pickering

_____ J.
Parraguirre