140 Nev., Advance Opinion 46

## IN THE SUPREME COURT OF THE STATE OF NEVADA

B.S.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DAWN THRONE, DISTRICT JUDGE,
Respondents,
    and
JEFFREY S.; NANCY S.; JENNIFER S.;
AND MICHAEL KLIMT,
Real Parties in Interest.

No. 88453



FILED

JUN 27 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Emergency original petition for a writ of mandamus challenging a district court ruling denying a petition for temporary guardianship over a minor child.

*Petition granted.*

Legal Aid Center of Southern Nevada, Inc., and Marina F. Dalia-Hunt, Las Vegas,
for Petitioner.

Escobar & Associates Law Firm, Ltd., and Christy Brad Escobar, Las Vegas,
for Real Parties in Interest Jeffrey S. and Nancy S.

Jennifer S.,
Pro Se.

Michael Klimt,
Pro Se.

24-22330

BEFORE THE SUPREME COURT, STIGLICH, PICKERING, and PARRAGUIRRE, JJ.

*OPINION*[1]

PER CURIAM:

Temporary court-ordered guardianships allow minors to obtain emergency care or protection pending a formal decision on a petition for general guardianship. In Nevada, such temporary guardianships may take either of two forms. NRS 159A.052 provides for temporary guardianships of minors who need immediate medical attention, while NRS 159A.053 provides for temporary guardianships of minors for other good cause. Although the district court here concluded that temporary guardianship over petitioner was not warranted under NRS 159A.052 because no medical emergency existed, the court failed to consider whether temporary guardianship was warranted under NRS 159A.053. In failing to consider an NRS 159A.053 temporary guardianship despite the proposed guardians' showing of good cause, the court manifestly abused its discretion, warranting our extraordinary intervention.

*FACTS AND PROCEDURAL HISTORY*

On March 8, 2024, real parties in interest Jeffrey and Nancy S. filed a petition in the district court seeking to be appointed guardians of

---

[1]This matter was resolved on April 19, 2024, by an unpublished Order Granting Petition for Writ of Mandamus. On April 30, petitioner filed a motion to reissue the order as an opinion. We grant the motion and enter this opinion in place of our prior order. NRAP 36(f). As the writ of mandamus issued on April 19 in accordance with the prior order and was returned by the district court on May 1, no new writ need issue with the filing of this opinion.

B.S., their grandson; the petition included a request for temporary guardianship. In the guardianship petition, Jeffrey and Nancy asserted that B.S. had lived with them his entire life. His mother, real party in interest Jennifer S., who has a history of drug abuse and mental health issues, also lived with them on and off during that time. In February 2024, they alleged, Jennifer took B.S. to Missouri, where she had a psychotic or drug-induced episode and was hospitalized for a period of time. The child protective services agencies of Missouri and Nevada arranged for B.S. to stay with Jeffrey and Nancy under a Present Danger Plan, to which Jennifer apparently orally agreed and which prevented Jennifer from having unsupervised contact with B.S. The Present Danger Plan, Jeffrey and Nancy claimed, expired on March 10, and the Nevada child protective services agency had not been further involved, apparently relying on the court to conduct guardianship proceedings. Jeffrey and Nancy asserted that before the Plan expired, Jennifer contacted them to let them know that she would remove B.S. from their home, although she had not yet done so, and they claimed that a temporary guardianship was needed both to protect B.S. from risk associated with being in his mother's care and to enroll B.S. in school and obtain special services for his autism. With the petition, Jeffrey and Nancy provided affidavits from the persons with whom Jennifer and B.S. had stayed while in Missouri detailing Jennifer's behavior while with them and the circumstances of her episode, their own declaration detailing the facts leading up to the filing of the guardianship petition, a copy of the Present Danger Plan, and video clips for the district court's in camera review (which have not been provided to this court).

The district court immediately issued a citation to appear and show cause, scheduling the hearing for May 28, 2024. Four days later, on

March 12, without holding a hearing, the district court entered minutes denying the request for temporary guardianship, concluding simply that Jeffrey and Nancy had failed to show that a medical emergency existed under NRS 159A.052.[2]

B.S. subsequently filed this emergency petition for a writ of mandamus seeking to compel the district court to grant Jeffrey and Nancy temporary guardianship. In it, he asserts that the district court manifestly abused its discretion and acted arbitrarily and capriciously when it failed to even consider granting a temporary guardianship for good cause under NRS 159A.053, the general temporary guardianship statute, when Jennifer is presumptively unsuitable under NRS 159A.061(4)(a) and (b) and nonmedical emergency circumstances exist. Jeffrey and Nancy have filed a joinder to the petition. As Jeffrey and Nancy asserted below that they do not have any contact information for Jennifer or B.S.'s father, real party in interest Michael Klimt, who has not previously been involved with B.S., those parties were not served below or with the writ petition currently before us. Because no adequate legal remedy exists to challenge the denial of temporary guardianship, we consider the petition. NRS 34.170.

## DISCUSSION

NRS 159A.052 and NRS 159A.053 provide for temporary guardianships over minors, which may issue when needed before the petition for general guardianship is decided. NRS 159A.052 governs temporary guardianships of minors who need immediate medical attention, while NRS 159A.053 governs temporary guardianships for other reasons. Although the district court here concluded that temporary guardianship

---

[2]To date, this court has not been provided with any written order denying the request for a temporary guardianship.

SUPREME COURT
OF
NEVADA

(O) 1947A

4

was not warranted under NRS 159A.052, the court failed to consider whether temporary guardianship was warranted under NRS 159A.053. In failing to do so, the court manifestly abused its discretion.

General, nonmedical temporary guardianships may issue upon a finding of good cause, so long as the petitioner attempted to provide prefiling notice or was excused from so doing. NRS 159A.053(2). Here, Jeffrey and Nancy alleged that providing prefiling notice was not feasible under the circumstances, in accordance with subsection (2)(c), and thus that they were excused from providing notice at this stage in the proceedings. While the statute does not define good cause, NRS 159A.061(4)(a) and (b) presume a parent is unsuitable to care for their child if the parent is unable to provide for the child's basic needs or poses a significant risk to the child's physical or emotional safety, respectively. Jeffrey and Nancy's petition and supporting documentation demonstrated that both presumptions likely apply. Thus, Jeffrey and Nancy demonstrated, at least preliminarily, that Jennifer, B.S.'s custodial parent, is presumed unsuitable and is currently unlocatable; B.S. has schooling and other special needs that cannot be met absent a guardianship; and they have been entrusted with much of his care since birth, including most recently by both Jennifer and child protective services agencies. These circumstances constitute good cause for temporary guardianship under NRS 159A.053, and the district court thus was required to issue the requested relief. Consequently, we conclude that mandamus relief is warranted to compel the district court to issue temporary guardianship of B.S. to Jeffrey and Nancy. *See* NRS 34.160; *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 637 P.2d 534 (1981).

We note that, when a temporary guardianship is issued ex parte, the district court must hold a hearing within 10 days to determine

SUPREME COURT
OF
NEVADA

(O) 1947A

5

whether to extend the guardianship, and any extension is conditioned on proof, by clear and convincing evidence, of the child's continued need for temporary guardianship. NRS 159A.053(8). Further, additional prehearing notice requirements are imposed. *See* NRS 159A.053(6), (7), (9). These provisions will be triggered upon issuance of the temporary guardianship in this case.

## CONCLUSION

For the reasons set forth above, we grant the petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to grant Jeffrey and Nancy's request for temporary guardianship over B.S. and to comply with the hearing requirements imposed by NRS 159A.053.

_____, J.
Stiglich

_____, J.
Pickering

_____ J.
Parraguirre

SUPREME COURT
OF
NEVADA

(O) 1947A