# IN THE SUPREME COURT OF THE STATE OF NEVADA

PAOLA M. ARMENI; JONAH J.
HORWITZ; AND DEBORAH A. CZUBA,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MICHAEL VILLANI, DISTRICT
JUDGE,
Respondents,
and
TIMOTHY FILSON, WARDEN; ADAM
P. LAXALT, ATTORNEY GENERAL
FOR THE STATE OF NEVADA; AND
THE STATE OF NEVADA,
Real Parties in Interest.

No. 73462

FILED

APR 25 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING PETITION IN PART AND DENYING PETITION IN PART

This original petition for a writ of mandamus challenges a district court order imposing sanctions on postconviction counsel in a death penalty case. *See* NRS 34.160; *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).

We elect to exercise our discretion to consider the merits of this petition because petitioners, postconviction counsel, do not have an adequate remedy at law to address the district court's action, *see* NRS 34.170 (providing that a "writ shall be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law"), and the district court erred in imposing sanctions for filing the motion to amend the postconviction petition, *Young v. Ninth Judicial Dist. Court*, 107 Nev.

642, 646, 818 P.2d 844, 846 (1991) ("This court may exercise an independent judgment and review the record de novo when reviewing findings of a disciplinary nature.").

Nevada courts have inherent authority to sanction attorneys. *Id.* at 647, 818 P.2d at 847; *see* SCR 99(2). Due to the capacity to chill zealous advocacy, courts should "exercise circumspection in the imposition of such sanctions in death cases." *Young,* 107 Nev. at 649-50, 818 P.2d at 849. Sanctions may be justified where defense counsel files a motion, with "no credible basis," that demeans the criminal justice system in general and unnecessarily delays the proceedings. *Id.* at 648, 818 P.2d at 847-48. (concluding that baseless motion asserting that prosecution was based on improper purpose "is demeaning to the criminal justice system in general, and to the processing of capital cases in particular, as an already complex and extended procedure is further encumbered by delay attributable to groundless political accusations requiring time-consuming inquiries into collateral issues."). This was not such a case.

When the district court struck the amended petition for failing to seek leave to amend, petitioners informed the court that they would seek leave to amend the petition, and the district court acknowledged their statement without reservation. The petitioners then filed a motion to amend the petition and an accompanying amended petition adding a single claim. The motion for leave to amend cites relevant authority and discusses circumstances justifying the amendment of the postconviction petition. Although the motion to amend addresses arguments raised in the State's prior motion to strike, the motion did not seek reconsideration of the district court's decision on the motion to strike.

On this record, applying *Young*, the imposition of a monetary sanction is excessive. The motion to amend was not baseless and did not needlessly burden the proceedings or debase the judicial process. The amended petition was struck because petitioners did not seek leave to amend; in response, they filed a motion to amend arguing why the district court should grant leave to amend. The resolution of such a motion is routine, and evaluation of the merits of the additional claim would not have resulted in needless delay.

Petitioners also ask that the underlying postconviction matter be assigned to a different district court judge. We decline the request because petitioners' challenge is based on the single sanction order, which, even though erroneous, did not "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate the monetary sanctions imposed on petitioners and we DENY the petition to the extent petitioners seek a writ directing that the underlying case be assigned to a different district judge.[1]

_____, C.J.
Douglas

_____ J.
Gibbons

_____, J.
Pickering

---

[1]We deny the State's motion to strike petitioners' response to the State's notice of supplemental authorities.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Michael Villani, District Judge
Federal Defender Services of Idaho
Gentile, Cristalli, Miller, Armeni & Savarese, PLLC
Attorney General/Carson City
Clark County District Attorney
American Civil Liberties Union of Nevada/Las Vegas
American Civil Liberties Union Foundation/North Carolina
The Gersten Law Firm PLLC
Yale Law School
The Law Offices of William H. Brown, Ltd.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A