# IN THE SUPREME COURT OF THE STATE OF NEVADA

MELANIE ANDRESS-TOBIASSON,
Petitioner,
vs.
NEVADA COMMISSION ON JUDICIAL
DISCIPLINE,
Respondent.

No. 81840

FILED

NOV 20 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS AND PROHIBITION

This emergency petition for a writ of mandamus and prohibition challenges the Nevada Commission on Judicial Discipline's actions and inactions with respect to judicial discipline proceedings concerning petitioner, Justice of the Peace Melanie Andress-Tobiasson. Petitioner argues that the judicial discipline proceedings against her must be dismissed because respondent Nevada Commission on Judicial Discipline violated statutory and rule-based procedures in investigating the judicial complaints and filing a formal statement of charges (FSC). She challenges the fairness of the process, arguing that the Commission has acted in bad faith and in a biased manner.

We have entertained writ petitions where, like here, the judge seeks prehearing relief on the basis that an appeal would be inadequate under the circumstances. *See Jones v. Nev. Comm'n on Judicial Discipline*, 130 Nev. 99, 104, 318 P.3d 1078, 1081-82 (2014) (entertaining a petition where the judge sought a writ "directing the Commission to take specific actions in accord with procedural aspects of the judicial discipline statutes concerning investigations and, ultimately, to dismiss the . . . complaint filed against him"). A judge seeking such relief nevertheless bears the "burden

to demonstrate that this court's extraordinary, prehearing intervention is warranted," *id.* at 104, 318 P.3d at 1082 (citing *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004)), and we are not persuaded that petitioner has met that burden here.

*Timeliness of the FSC filing*

Petitioner's argument that the FSC must be dismissed because the Commission filed it past the deadline for doing so does not warrant writ relief. The "[w]ithin 18 months" requirement in NRS 1.4655(3)(e) excludes "[p]eriods when the Commission is holding a complaint in abeyance pending the disposition of a court case relating to the complaint." NRS 1.4681(2)(d). We entered a stay of further proceedings before the Commission in *Andress-Tobiasson v. Nev. Comm'n on Judicial Discipline*, Docket No. 77551 (Order Directing Answer, Granting Stay and Inviting Amicus Briefs, Dec. 20, 2018). The complaints underlying the writ proceedings in Docket No. 77551 and in this matter are related, and the stay in Docket No. 77551 was not lifted until May 10, 2019. Moreover, during the pendency of this writ proceeding, the Commission denied petitioner's motions to dismiss, finding that this court's stay in the earlier matter tolled the time for filing the FSC and that regardless, NRS 1.4681(3) prohibits it from dismissing a complaint or FSC for failure to comply with the time limitation in NRS 1.4655(3)(e) "unless the Commission determines such a delay is unreasonable and the rights of the judge to a fair hearing have been violated." The use of mandamus is generally limited to cases where the tribunal has a clear duty to act, and petitioner has not shown that the law requires the Commission to dismiss the FSC under these circumstances and controlling statutes.

*Filing of petitioner's response and motions to dismiss*

We also reject petitioner's argument that the Commission failed to file her properly submitted response and motions to dismiss. After the petition in this matter was filed, the Commission filed the response and motions submitted by her new attorneys of record and it denied those motions on October 30. Thus, these issues do not support extraordinary writ relief.

*Investigations and resulting FSC*

Petitioner argues that the Commission violated NRS 1.4657 and NRS 1.4663 by authorizing two investigations of complaints that she asserts fail to allege objectively verifiable evidence from which a reasonable inference may be drawn that she committed misconduct. The statutes and rules on which petitioner relies do not support writ relief.

Petitioner points out that the first investigator made certain conclusions about the appropriateness of her conduct and argues that the Commission was therefore required to dismiss the complaint and end its investigation. But, under the facts and governing statutes, the Commission, not the investigator, determines whether a complaint alleges objectively verifiable evidence from which a reasonable inference of misconduct may be drawn. NRS 1.4663. The second complaint made additional allegations that the Commission determined met the objectively verifiable evidence standard.[1] The Commission has statutory authority to expand its investigation to address such allegations, NRS 1.4663(2), and

---

[1]Although the second complaint contains hearsay allegations, "there is no absolute prohibition against initiating an investigation based on hearsay and inadmissible evidence included in the complaint." *Jones*, 130 Nev. at 107, 318 P.3d at 1084 (citing Nev. Const. art. 6, § 21(9) and NRS 1.4655).

"judges generally have no right to avoid charges based on new evidence discovered during the course of a legitimate investigation," *Jones*, 130 Nev. at 107, 318 P.3d at 1084; *see In re Flanagan*, 690 A.2d 865, 875-76 (Conn. 1997) (concluding that a due process challenge brought by a judge under investigation failed because notice of each precise charge in the complaint is not required during the investigatory stage and the judicial council had authority to later charge a judge based on conduct revealed during its investigation, regardless of whether the conduct discovered was specified in the original complaint). Thus, we conclude that petitioner has not met her burden of showing that extraordinary writ relief is merited based on her claim that the investigations violate NRS 1.4657 and NRS 1.4663.

*Alleged bias and bad faith*

The appendix and the citations to it are incomplete. But, on the record provided, petitioner has failed to demonstrate that the Commission and its executive director are biased or acted in bad faith so as to justify extraordinary writ relief. She offers only generalized statements and has not pointed to evidence showing that Commission members are dishonest, biased, or prejudiced against her. "Without a showing to the contrary, state adjudicators 'are assumed to be [people] of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.'" *Mosley v. Nev. Comm'n on Judicial Discipline*, 117 Nev. 371, 381, 22 P.3d 655, 661 (2001) (second alteration in original) (quoting *Withrow v. Larkin*, 421 U.S. 35, 54 (1975)). Further, we are not persuaded that the executive director cannot be impartial and unbiased because he signed the first judicial complaint, as the Commission's rules

permit him to do so under certain circumstances that apply here.[2] Comm'n Proc. Rule 10(2).

*Confidentiality requirements and alleged prejudicial language*

Petitioner asserts that a writ directing dismissal of the FSC is warranted because the Commission filed the FSC in order to overcome confidentiality requirements and make public its contents, which she contends includes prejudicial language. She argues that the Commission violated NRS 1.4683 (requiring that Commission proceedings remain confidential until the Commission makes a "reasonable probability" finding under NRS 1.467 and special counsel files a FSC) and has disregarded Commission Procedural Rule 7, which provides:

> In any case in which the subject matter becomes public, . . . the Commission may issue statements as it deems appropriate in order to confirm the pendency of the investigation, to clarify the procedural aspects of the disciplinary proceedings, to explain the right of the Respondent to a fair hearing without prejudgment, and to state that the Respondent denies the allegations. At all times, however, the Commission, its counsel and staff shall refrain from any public or private discussion about the merits of any pending or impending matter, or discussion . . . which might otherwise prejudice a Respondent's reputation or rights to due process.

We disagree that the Commission violated this rule or the governing statutes by making the FSC public upon its filing on August 31. Once special counsel files the statement, it "and other documents later

---

[2]The complaint relies on statements petitioner made in public interviews, and thus it is unclear how the director will likely be a witness before the Commission, as petitioner claims.

SUPREME COURT
OF
NEVADA

(O) 1947A

5

formally filed with the Commission must be made accessible to the public, and hearings must be open." NRS 1.4687(1)(a); Comm'n Proc. Rule 6. Also, the Commission asserts that petitioner participated in interviews with the media, in which she allegedly used some of the same descriptive terms used in the FSC that she complains are disparaging or prejudicial. Even if the Commission breached Rule 7 by including unnecessary details in the FSC, petitioner has not pointed to authority that requires pre-adjudication dismissal of the FSC, especially where, like here, factual rather than purely legal issues are implicated. *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981) (observing that this court generally declines to exercise its discretion to entertain mandamus petitions unless "legal, rather than factual, issues are presented" because "an appellate court is not an appropriate forum in which to resolve disputed questions of fact").

*Due process concerns regarding the Commission's procedures*

Petitioner argues that the Commission's procedures that allow it to engage in combined investigative, prosecutorial, and adjudicatory functions violate her right to due process. As we observed in *Mosley*, in judicial discipline proceedings, "a combination of adjudicative and prosecutorial functions is not biased per se and does not, without more, violate due process." 117 Nev. at 380, 22 P.3d at 660. In arguing general unfairness, petitioner does not address the facts here in a way to meaningfully demonstrate that the investigatory process has been biased or deprived her of due process, and regardless, due process rights generally do not attach until a FSC is filed and the matter enters the adjudicatory phase. *Jones*, 130 Nev. at 106-07, 318 P.3d at 1083.

As to the adjudicatory phase, petitioner acknowledges that the procedures require the Commission to provide her with the complaint and allow her to inspect the entire record if it pursues formal charges, which happened here. Thereafter, as required, she was allowed to respond to the complaint and address the charges in writing, and the Commission has filed her response doing so. Thus, her argument that she or other judges "can never know what was made available to [the Commission] in order for her to supply her responses to the complaints" does not itself support writ relief.

*Notification of the basis on which discipline is being pursued*

Petitioner argues that the charges in the FSC do not address whether the Commission "is pursuing factual allegations based on willful or unknowing misconduct." She asserts that the Commission therefore failed to "identify the statute for which the punishment is pursued," and "[s]ince the penalties for willful misconduct allow punishment including removal . . . , this omission is material."

The FSC alleges specific facts, and includes 8 counts of misconduct based on those facts, asserting that petitioner "knowingly or unknowingly" violated the Code of Judicial Conduct, identifying the specific canons and rules. Thus, it complies with Commission Procedural Rule 15 by including "a clear reference to specific provisions of . . . the Nevada Judicial Code of Conduct . . . which are deemed to justify procedures before the Commission," and "a clear statement of all acts and omissions" that allegedly "warrant action by the Commission under those provisions." NRS 1.4653 outlines the reasons that a judge may be disciplined and defines "willful misconduct" to include a "knowing or deliberate violation" of the Code, among other things, NRS 1.4653(5)(b)(2), but it says nothing about whether the FSC must allege whether the judge acted willfully or

unknowingly in listing the charges, or whether that is a matter to be proven at the hearing and determined by the Commission after considering the evidence. The FSC ties the alleged violations to the facts and petitioner does not cite any authority that requires the Commission to allege in the FSC whether she willfully or unknowingly committed the violations. We conclude that petitioner has not met her burden of demonstrating that the FSC violates her due process rights by failing to give her fair notice of the nature of the charges.

In sum, petitioner has not met her burden of demonstrating that extraordinary writ relief is warranted. Many of her arguments are tied to the facts and to the extent any of her arguments are not addressed in this order, we conclude that they do not warrant a different result. Thus, we

ORDER the petition DENIED.[3]

_____ , C.J.
Pickering

_____ , J.            _____ , J.
Gibbons                          Hardesty

_____ , J.            _____ , J.
Parraguirre                      Stiglich

_____ , J.            _____ , J.
Cadish                           Silver

---

[3]We deny petitioner's stay motion as moot.

cc: Cook & Kelesis
   Thomas R. Sheets
   Nevada Commission on Judicial Discipline
   Law Offices of Thomas C. Bradley