IN THE SUPREME COURT OF THE STATE OF NEVADA

KIM BLANDINO,
Petitioner,
vs.
JOSEPH LOMBARDO SHERIFF; AND
THE HONORABLE MICHELLE
LEAVITT, DISTRICT JUDGE,
Respondents.

No. 82502

FILED

MAR 0 5 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER DENYING PETITION FOR EXTRAORDINARY RELIEF

This emergency pro se petition for extraordinary relief seeks a writ of mandamus or habeas corpus or other relief so as to allow petitioner, who is on house arrest pending a criminal trial, to visit his son in California. Petitioner has also filed an emergency motion for relief pending decision.

The decision to entertain a petition for extraordinary writ relief lies within the discretion of this court. A writ of mandamus is available only to compel the performance of a legally required act or to cure an arbitrary and capricious exercise of discretion. *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). It is petitioner's burden to demonstrate that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the petition and its accompanying documents, we are not satisfied that our intervention by way of extraordinary writ is warranted. The district court's imposition of reasonable conditions on bail is a discretionary act, *see Valdez-Jimenez v.*

21-06488

*Eighth Judicial Dist. Court*, 136 Nev. 155, 161, 460 P.3d 976, 984 (2020), and petitioner has not demonstrated that the district court manifestly abused its discretion by refusing to modify the conditions placed on his bail so as to allow him to temporarily visit his son in California or to otherwise alter the terms of his house arrest. Indeed, petitioner has not even asked the district court to do so, stating that he cannot seek relief before the district court for fear of waiving his federal court challenges to the district judge's impartiality. However, as the federal district court recently pointed out, petitioner's many motions to disqualify the district judge have all been denied, *Blandino v. Lombardo*, 2:20-cv-02157-JAD-VCF, 2021 WL 537108, *1 (D. Nev. Feb 1, 2021, Order Denying Emergency Motion for Immediate Relief), and that federal case has been dismissed, *id.* at 2021 WL 537104 (Jan. 19, 2021, Order Dismissing Petition and Closing Case). Although petitioner apparently has pending a post-judgment motion in that case and plans to seek reconsideration of the United States Supreme Court's recent denial of his petition before that court, we are not persuaded that petitioner in unable to seek relief in the district court. *See* NRAP 22 (noting that an application for an original writ of habeas corpus should be made to the appropriate district court in the first instance); *Round Hill*, 97 Nev. at 604, 637 P.2d at 536 (explaining that appellate courts are not suited to resolve factual disputes and therefore will not exercise discretion to entertain a writ petition when there are factual questions). Accordingly, as petitioner has

not demonstrated that the district court manifestly abused its discretion or that extraordinary relief is otherwise warranted, we

ORDER the petition DENIED.[1]

_____, C.J.
Hardesty

_____, J.      _____, J.
Parraguirre                      Stiglich

cc:   Hon. Michelle Leavitt, District Judge
      Kim Blandino
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

_____

[1]In light of this order, petitioner's emergency motion for immediate relief is denied as moot.