## IN THE SUPREME COURT OF THE STATE OF NEVADA

FELTON L. MATTHEWS, JR.,
Petitioner,
vs.
THE STATE OF NEVADA BOARD OF
PAROLE COMMISSION; THE STATE
OF NEVADA DEPARTMENT OF
CORRECTIONS; CITY OF LAS VEGAS;
CHRISTOPHER DERRICO; AND
CHARLES DANIELS,
Respondents.

No. 82510

**FILED**

MAR 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER DENYING PETITION*

In this original pro se postconviction petition for a writ of habeas corpus and/or mandamus, petitioner challenges various decisions by respondents and seeks modification of his original judgment of conviction. Having considered the petition, we are not persuaded that our extraordinary intervention is warranted. *See* NRS 34.170; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004) (noting that a writ of mandamus is proper only when there is no plain, speedy, and adequate remedy at law and explaining that petitioner bears the burden of demonstrating that writ relief is warranted). Petitioner has not provided this court with a copy of a district court order denying him writ relief in the first instance. *See* NRAP 21(a)(4) (providing the petitioner shall submit an appendix containing all documents "essential to understand the matters set forth in the petition"); *see also* NRAP 22 ("An application for an original writ of habeas corpus should be made to the appropriate district court. If an application is made to the district court and denied, the proper remedy is by appeal from the district court's order denying the writ.").

21-07498

Even assuming that the relief sought here could be properly obtained through a petition for writ relief, any application for such relief should be made to the district court in the first instance so that factual and legal issues are fully developed, giving this court an adequate record to review. *See Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981) (recognizing that "an appellate court is not an appropriate forum in which to resolve disputed questions of fact" and determining that when there are factual issues presented, this court will not exercise its discretion to entertain a petition for extraordinary relief even though "important public interests are involved"); *State v. Cty. of Douglas*, 90 Nev. 272, 276-77, 524 P.2d 1271, 1274 (1974) (noting that "this court prefers that such an application [for writ relief] be addressed to the discretion of the appropriate district court" in the first instance), *abrogated on other grounds by Attorney Gen. v. Gypsum Res.*, 129 Nev. 23, 33-34, 294 P.3d 404, 410-11 (2013). Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Hardesty

_____, J.        _____, J.
Stiglich                                          Silver

cc:    Felton L. Matthews, Jr.
       Attorney General/Carson City
       Las Vegas City Attorney
       Eighth District Court Clerk