# IN THE SUPREME COURT OF THE STATE OF NEVADA

ATLANTIC SPECIALTY INSURANCE COMPANY,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JAMES CROCKETT, DISTRICT JUDGE,
Respondents,
    and
CHRISTOPHER SCOTT SYKES; AND STAGE CREW,
Real Parties in Interest.

No. 81418

FILED

MAR 26 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER GRANTING PETITION

This is an original petition for a writ of mandamus challenging a district court order denying a motion to intervene in a personal injury action.

Petitioner Atlantic Specialty Insurance Company (Atlantic) seeks a writ of mandamus directing the district court to vacate its order denying Atlantic's motion to intervene in a personal injury lawsuit between its insured, Global Panda Entertainment, LLC (Global Panda), and real party in interest Christopher Scott Sykes. Atlantic argues that the district court manifestly abused or capriciously exercised its discretion by finding that (1) Atlantic's reservation-of-rights letter barred intervention, (2) Atlantic abandoned Global Panda's defense, and (3) Atlantic failed to present evidence showing that Global Panda was not participating in its own defense. We agree.

21-08711

We elect to entertain Atlantic's petition because Atlantic cannot appeal the district court's order denying its motion to intervene. *See Stephens Media, LLC v. Eighth Judicial Dist. Court*, 125 Nev. 849, 857, 221 P.3d 1240, 1246 (2009) ("[A] petitioner must seek relief from a district court's denial of a motion to intervene via a petition for extraordinary relief."). A district court has "considerable discretion in deciding a motion to intervene," *Hairr v. First Judicial Dist. Court*, 132 Nev. 180, 184, 368 P.3d 1198, 1200 (2016), but this court may issue mandamus to control a discretionary act if the district court manifestly abused or capriciously exercised its discretion, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). "A manifest abuse of discretion is '[a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule.'" *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (alteration in original) (quoting *Steward v. McDonald*, 958 S.W.2d 297, 300 (Ark. 1997)). A "capricious exercise of discretion is one . . . 'contrary to the evidence or established rules of law.'" *Id.* at 931-32, 267 P.3d at 780 (quoting *Capricious, Black's Law Dictionary* (9th ed. 2009)).

The district court manifestly abused or capriciously exercised its discretion in three regards. First, it concluded that Atlantic could not intervene because it issued Global Panda a reservation-of-rights letter. Unlike the foreign jurisdictions that the district court cited, we have never held that an insurer's issuance of a reservation-of-rights letter bars it from intervening in a lawsuit against its insured. Instead, we set forth criteria for district courts to evaluate when deciding whether to grant a motion to intervene under NRCP 24(a)(2). *See Nalder v. Eighth Judicial Dist. Court*, 136 Nev. 200, 206, 462 P.3d 677, 684 (2020). Thus, the district court manifestly abused its discretion with a clearly erroneous application of

SUPREME COURT
OF
NEVADA

(O) 1947A

2

foreign caselaw rather than relying on the binding precedent governing a motion to intervene.

Second, the district court concluded that Atlantic abandoned its defense of Global Panda. However, this finding was contrary to evidence in the record because Atlantic stated in its motion to intervene, and at the hearing on its motion to intervene, that it was not abandoning Global Panda's defense. Thus, the district court capriciously exercised its discretion because its conclusion was contrary to the evidence.

Third, the district court found that Atlantic failed to present evidence showing that Global Panda was not participating in its own defense. This finding was contrary to evidence in the record because affidavits show that Global Panda was not participating in its own defense. Thus, the district court capriciously exercised its discretion by making this finding. Because Atlantic has no other remedy, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order denying Atlantic's motion to intervene and make findings under NRCP 24(a)(2).[1]

_____
Parraguirre

_____, J.       _____, J.
Stiglich                    Silver

---

[1] In light of this order granting writ relief, we lift the stay previously ordered by this court on August 17, 2020.

cc: Chief Judge, Eighth Judicial District Court
Eighth Judicial District Court, Department 24
Evans Fears & Schuttert LLP
The702Firm
Hall Jaffe & Clayton, LLP
Eighth District Court Clerk