# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAWRENCE E. SCHWIGER,
Petitioner,
vs.
THE STATE OF NEVADA
DEPARTMENT OF CORRECTIONS;
AND THE STATE OF NEVADA BOARD
OF PAROLE COMMISSIONERS,
Respondents.

No. 84866

FILED

JUL 13 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original pro se petition for a writ of mandamus seeking the application of credits to petitioner's parole eligibility date.

This court has original jurisdiction to issue writs of mandamus and the issuance of such extraordinary relief is within this court's sole discretion. *See* Nev. Const. art. 6, § 4; NRS 34.160; NRS 34.170; *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474-75, 168 P.3d 731, 736-37 (2007). Petitioner bears the burden to show that extraordinary relief is warranted and such relief is proper only when there is no plain, speedy, and adequate remedy at law. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 228, 88 P.3d 840, 841, 844 (2004).

Having considered the petition and supporting documentation, we are not convinced that our extraordinary and discretionary intervention is warranted. The application of credits to petitioner's parole eligibility date is a matter that should be raised in a petition for a writ of mandamus filed in the district court in the first instance so that factual and legal issues are fully developed, giving this court an adequate record to review. *See Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981) (recognizing that "an appellate court is not an appropriate forum

22-22072

in which to resolve disputed questions of fact"); *State v. Cty. of Douglas*, 90 Nev. 272, 276-77, 524 P.2d 1271, 1274 (1974) (noting that "this court prefers that such an application [for writ relief] be addressed to the discretion of the appropriate district court" in the first instance), *abrogated on other grounds by Cortez Masto v. Gypsum Res.*, 129 Nev. 23, 33-34, 294 P.3d 404, 410-11 (2013). Petitioner may appeal to this court from a final decision. Therefore, we decline to exercise our original jurisdiction in this matter. *See* NRAP 21(b). Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

cc:     Lawrence E. Schwiger
        Attorney General/Carson City

Supreme Court
OF
Nevada

2