# IN THE SUPREME COURT OF THE STATE OF NEVADA

KENTRELL DUMURIE WELCH,
Petitioner,
vs.
THE SEVENTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF WHITE
PINE,
Respondent,
   and
CHARLES DANIELS, NDOC
DIRECTOR; AND WILLIAM RUEBART,
Real Parties in Interest.

No. 85202

**FILED**

SEP 19 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This is a pro se original petition for a writ of mandamus or prohibition challenging the conditions of confinement of petitioner and similarly situated inmates.

Having considered the petition, we are not persuaded that our extraordinary and discretionary intervention is warranted. *See* NRS 34.170; 34.330; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 228, 88 P.3d 840, 841, 844 (2004) (explaining that writ relief is proper only when there is no plain, speedy, and adequate remedy at law and petitioners bear the burden to demonstrate that extraordinary relief is warranted).

Petitioner has not demonstrated that he requested and was denied relief in the district court in the first instance. *See* NRAP 21(a)(4) (providing that the petitioner shall submit an appendix containing all documents "essential to understand the matters set forth in the petition"). Even assuming the relief sought here could be properly obtained through a petition for a writ of mandamus or prohibition, any application for such

22-29368

relief should first be directed to and resolved by the district court in the first instance so that the factual and legal issues can be fully developed, providing an adequate appellate record to review. *See Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981) (recognizing that an appellate court is not the appropriate forum to resolve questions of fact and determining that when there are factual issues presented, appellate courts will not exercise their discretion to entertain a petition for extraordinary relief even if "important public interests are involved"); *State v. Cty. of Douglas*, 90 Nev. 272, 276-77, 524 P.2d 1271, 1274 (1974) (noting that "this court prefers that such an application [for writ relief] be addressed to the discretion of the appropriate district court" in the first instance), *abrogated on other grounds by Attorney Gen. v. Gypsum Res.*, 129 Nev. 23, 33-34, 294 P.3d 404, 410-11 (2013); *see also Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 684, 476 P.3d 1194, 1199 (2020) (noting that this court typically will not entertain petitions for extraordinary relief that implicate factual disputes). Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

cc:     Kentrell Dumurie Welch
        Attorney General/Carson City
        White Pine County Clerk

(O) 1947A