# IN THE SUPREME COURT OF THE STATE OF NEVADA

JILLYN KELLI KATZ N/K/A JILLYN
KELLI KATZ MATTHIESEN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MICHELE MERCER, DISTRICT
JUDGE,
Respondents,
 and
RORY GRIFFITH,
Real Party in Interest.

No. 85407

FILED

OCT 13 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of prohibition and mandamus challenges a district court order ordering an evidentiary hearing and denying a motion to dismiss in a matter involving reinstatement of parental rights.

The decision to entertain a petition for extraordinary writ relief lies within the discretion of this court. *Smith v. Eighth Judicial Dist. Court,* 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition). A writ of mandamus is

22- 32369

available only to compel the performance of a legally required act or to cure an arbitrary and capricious exercise of discretion. *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). "This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioners bear the burden to show that extraordinary relief is warranted, and such relief is proper only when there is no plain, speedy, and adequate remedy at law. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 228, 88 P.3d 840, 841, 844 (2004). An appeal is generally an adequate remedy precluding writ relief. *Id.* at 224, 88 P.3d at 841. Even when an appeal is not immediately available because the challenged order is interlocutory in nature, the fact that the order may ultimately be challenged on appeal from a final judgment generally precludes writ relief. *Id.* at 225, 88 P.3d at 841.

Having considered the petition and supporting documents we are not persuaded that our extraordinary intervention is warranted. To begin, petitioner has not demonstrated that an appeal from a final judgment would not be a plain, speedy, and adequate remedy. Nor has petitioner demonstrated a persuasive basis for deviating from the general rule that this court will not entertain writ petitions challenging the denial of a motion to dismiss. *See Archon Corp. v. Eighth Judicial Dist. Court*, 133 Nev. 816, 824-25, 407 P.3d 702, 709-10 (2017). Additionally, petitioner has not shown that the district court has failed to perform a legally required act or has arbitrarily or capriciously exercised its discretion. And petitioner has not

shown that the district court as acted in excess of its jurisdiction. Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                                              Stiglich

cc:    Hon. Michele Mercer, District Judge
        Joseph W. Houston, II
        Law Offices of Louis C. Schneider, LLC
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA